UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| CYNTHIA JACKSON | : | |
| Debtor | : | Bankruptcy No. 04-15962 |
| CYNTHIA JACKSON | : | |
| Plaintiff | : | |
| v. | : | |
| SELECT PORTFOLIO SERVICING F/K/A FAIRBANKS CAPITAL CORPORATION | : | |
| Defendant | : | Adversary No. 06-00382 |

................................................

MEMORANDUM

................................................

By BRUCE FOX, Bankruptcy Judge:

  Defendant Select Portfolio Servicing, Inc., f/k/a Fairbanks Capital Corporation, has filed a motion seeking to impose monetary sanctions upon Robert Cocco, Esquire, plaintiff's counsel, pursuant to Fed. R. Bankr. P. 9011. The defendant contends that Mr. Cocco acted in bad faith when he filed a complaint in the above-captioned proceeding on plaintiff's behalf. Mr. Cocco opposes any award of sanctions against him and denies any impropriety.

  The sanctions motion must be decided against the following background.

I.

Ms. Cynthia Jackson filed a voluntary petition in bankruptcy under chapter 13 on April 29, 2004. Select Portfolio Servicing holds a first mortgage lien on the realty located at 717 S. 56th Street, Philadelphia, Pennsylvania 19143 arising from a loan transaction in May 1996. During the pendency of the chapter 13 case, Mr. Cocco, on behalf of the debtor, requested a copy of the debtor's loan origination file from Select's counsel. In making this request, Mr. Cocco stated that the debtor appeared to have misplaced her copies of loan documents.

Select's counsel responded that the mortgagee would not comply with the request to see copies of the creditor's loan file. However, counsel did send to Mr. Cocco a copy of a document purportedly signed by the debtor at the time of the loan closing in May 1996, wherein the debtor acknowledged having received numerous loan documents from the lender.

At oral argument, Mr. Cocco stated that Defendant's refusal to provide him with copies of the loan file, coupled with the debtor's belief that she was never provided with all required loan documents (upon reviewing blank loan document forms), caused him to reasonably believe that the debtor never received mandatory disclosures under the Truth in Lending Act. As a result, Mr. Cocco filed a complaint on July 24, 2006, alleging non-disclosure violations of the Truth in Lending Act.

On that same date, Select sent to Mr. Cocco a letter requesting that the complaint be withdrawn as violative of Rule 9011. On July 31, Mr. Cocco communicated to Select's counsel that the debtor found certain documents, consisting solely of the

mortgage and her divorce decree, which she believes are the only documents given to her at the loan closing, thus further supporting Mr. Cocco's contention that his client failed to receive the mandatory Truth in Lending disclosures at the loan closing.

In the complaint filed on the debtor's behalf by Mr. Cocco, the debtor specifically alleged the following:

> 6. Upon information and belief, at the time plaintiff closed the loan with Eagle National Bank in September 1996, plaintiff was not provided with Truth in Lending disclosures as required by federal statute.
>
> ***
>
> 12. Defendant also failed to deliver all "material" disclosures required by TILA and Regulation Z. The disclosure violations include, but are not limited to:
>
>> a. Failing to properly and accurately disclose the "amount financed," using that term in violation Regulation Z § 226.18(b) and 15 U.S.C. § 1638(a)(2)(A);
>>
>> b. Failing to clearly and accurately disclose the "finance charge," using that term, in violation Regulation Z §§ 226.4 and 226.18(b) and 15 U.S.C. § 1638(a)(3);
>>
>> c. Failing to clearly and accurately disclose the "annual percentage rate," using that term in violation Regulation Z § 226.18(e) and 15 U.S.C. § 1638(a)(4)[.]

Complaint, ¶¶ 6, 12.

As a result of these alleged disclosure violations, the debtor seeks recoupment against Select's proof of claim in the amount of $2,000 for violation of the federal consumer protection statute, along with attorney fees and costs.

In its sanctions motion and at oral argument, Select emphasizes that Mr. Cocco was provided with the debtor's signed acknowledgment of receipt of loan

3

documents. Thus, Select challenges the propriety of the debtor's assertion in her complaint that such documents were never given to her. Select further argues that the debtor's averment that material loan disclosures were incomplete or incorrect are unsubstantiated by the facts known to Mr. Cocco at the time he filed the complaint because he has reviewed no loan documents involving the debtor. Accordingly, Select contends that debtor's counsel had no reasonable basis in fact to allege the Truth in Lending violations quoted above.

At the hearing, Mr. Cocco expressly stated that Select had misconstrued the scope of the debtor's complaint. She is not alleging both non-receipt of disclosures as well as inaccurate disclosures; rather, Mr. Cocco maintains that the debtor asserts only non-receipt of required loan disclosures. And he contends that such an allegation was made in good faith despite the signed acknowledgment.

II.

Federal Rule of Bankruptcy Procedure 9011 (which is similar to Fed. R. Civ. P. 11, see Robeson Indus. Corp. v. Hartford Acc. & Indem. Co., 178 F.3d 160, 164 n.4 (3d Cir. 1999)), imposes an obligation upon an attorney who signs a pleading filed with this court. The attorney's signature certifies that the pleading has been filed for a proper purpose. Fed. R. Bankr. P. 9011. Examples of filings for improper purposes include harassment, causing unnecessary delay, and increasing the cost of litigation. Fed. R. Bankr. P. 9011(b)(1); see generally In re Hake, 2006 WL 2621116, at *9 (6th Cir. 2006); In re Stimson & Gale Entm't, Inc., 61 Fed.Appx. 346 (9th Cir. 2003).

Moreover, an attorney's signature on a complaint attests that any claims raised therein are warranted under existing law, or that they are non-frivolous arguments for the extension, modification or reversal of existing law. Fed. R. Bankr. P. 9011(b)(2); see In re Bell, 225 F.3d 203, 221 (2nd Cir. 2000); In re Fordu, 201 F.3d 693, 711 (6th Cir. 1999). Factual allegations must have evidentiary support, or likely will have evidentiary support after further investigation and discovery. Fed. R. Bankr. P. 9011(b)(3); see In re S. Textile Knitters, 65 Fed. Appx. 426, 440 (4th Cir. 2003).

An attorney's conduct under Rule 9011 is evaluated under a standard of objective reasonableness. See In re Mroz, 65 F.3d 1567, 1573 (11th Cir. 1995); In re Griffin, 330 B.R. 737, 740 (W.D. Ark. 2005); In re Crippen, 346 B.R. 115, 122 (Bankr. E.D. Pa. 2006). Reasonableness is defined as "an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in fact or law." In re Kouterick, 167 B.R. 353, 363 (Bankr. D. N.J. 1994). In order to avoid using hindsight, certain non-exclusive factors may be considered to determine whether an attorney's conduct was reasonable at the time the pleading was filed:

> (1) the amount of time available to the signer conducting the factual and legal investigation;
>
> (2) the necessity for reliance on a client for the underlying factual information;
>
> (3) the plausibility of the legal position advanced;
>
> (4) whether the case was referred to the signer by another member of the Bar; and,
>
> (5) the complexity of the legal and factual issues implicated.

Id., at 363 (citing Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 95 (3d Cir.1988)).

5

If counsel has violated Rule 9011, a court must impose sanctions, although the sanctions need not be monetary. See In re Bailey, 321 B.R. 169, 183 (Bankr. E.D. Pa. 2005):

> The kind of sanction imposed is within the discretion of the judge. . . . Sanctions may be monetary or non-monetary. If monetary sanctions are awarded, the court should consider what amount is needed to deter that responsible person, given his financial resources, from repetition of similar activity. The award must be caused by the violation and must be reasonable. The reasonableness finding reflects consideration of Rule 9011's goals of deterrence, punishment and compensation. As such, a determination of the extent to which the nonviolating party's expenses and fees could have been avoided is necessary.

(citations omitted).

When the court imposes sanctions, it should consider the attorney's actual and presumed knowledge when the pleading or other document was signed. See Kouterick, 167 B.R. at 366. Moreover, "[a]s a general proposition, a district court should be hesitant to determine that a party's complaint is in violation of Rule 11(b) when . . . there is nothing before the court, save the bare allegations of the complaint," Tahfs v. Proctor, 316 F.3d 584, 594-95 (6th Cir.2003), since allegations without more are generally accepted as true for purposes of motions to dismiss. See Bolden v. Aames Funding Corp., 2005 WL 948592, at *5 (W.D. Tenn. 2005).

III.

_____The Truth in Lending Act ("TILA") protects borrowers from "unscrupulous lenders taking advantage of consumers through fraudulent or otherwise confusing

practices." Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 502 (3d Cir. 1998). The main purpose of the Truth in Lending Act is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." 15 U.S.C. §1601. The federal statute is remedial and should be construed liberally in order to achieve this goal. See Ramadan, 156 F.3d at 502; Johnson v. McCrackin-Sturman Ford, Inc., 527 F.2d 257, 262 (3d Cir. 1975).

The TILA and its implementing regulation, Regulation Z, mandate that a creditor must provide the credit customer with copies of documents containing important loan disclosures, as well as notice of the right to rescind in certain instances. See, e.g., Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998); McCrackin-Sturman Ford, 527 F.2d at 262. These required disclosures are to be in writing on forms that the borrower is given for retention at the loan closing. See, e.g., Bumpers v. Bank One, N.A., 2003 WL 22119929, at *3 (N.D. Ill. 2003); Walters v. First State Bank, 134 F. Supp. 2d 778, 781 (W.D. Va. 2001); Jenkins v. Landmark Mortgage Corp., 696 F. Supp. 1089, 1093 (W.D. Va. 1988).

In general, a lender has the burden of persuasion that it complied with TILA's disclosure requirements once the borrower meets an initial burden to demonstrate that some violation has occurred. Payne ex rel. Estate of Payne v. Equicredit Corp. of America, 71 Fed.Appx. 131, 134 (3rd Cir. 2003). Insofar as providing borrowers with copies of loan disclosures is concerned, however, section 1635(c) of TILA contains a rebuttable presumption of delivery of the disclosures when there exists a "written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given." 15 U.S.C.

§1635(c). After a lender has produced an executed form acknowledging the borrowers receipt of TILA disclosures, the burden shifts to the borrower to prove non-receipt. See, e.g., In re Williams, 232 B.R. 629, 640 (Bankr. E.D. Pa. 1999); see also, Oscar v. Bank One, N.A., 2006 WL 401853 (E.D. Pa. Feb. 17, 2006), Strang v. Wells Fargo Bank, N.A., 2005 WL 1655886 (E.D. Pa. July 13, 2005), and McCarrick v. Polonia Fed. Sav. and Loan, 502 F.Supp. 654 (E.D. Pa. 1980).

In this proceeding, Select provided debtor's counsel with a signed copy of the debtor's "Acknowledgment of Receipt of Documents" prior to the filing of her complaint. Select in its motion for sanctions argues that this acknowledgment, along with the pretrial statement by counsel that the debtor misplaced her loan documents, precludes any good faith assertion that the debtor never received the required disclosures from the lender at the loan closing.

I note, however, that the Third Circuit Court of Appeals has not yet decided whether a borrower's testimony alone, without some corroborative evidence, is sufficient to rebut the presumption of delivery of disclosures found in 15 U.S.C. §1635(c). It is an issue that has divided federal courts. Some have held that a debtor's testimony denying receipt of the disclosures is sufficient to rebut the presumption of delivery under the TILA. See, e.g., Stutzka v. McCarville, 420 F.3d 757, 762 (8th Cir. 2005) ("Gibilisco's affidavit, at the very least, would have rebutted the presumption of delivery"); In re Bell, 309 B.R. 139, 156 (Bankr. E.D. Pa. 2004) ("Because I find that the Debtor testified credibly that she was not given copies of the loan documents, including the Notice of Right to Cancel, at closing, she has rebutted the presumption of delivery on the Notice of Right to Cancel."); In re Jones, 298 B.R. 451, 459 (Bankr. D. Kan. 2003); In re Williams,

232 B.R. 629, 641 (Bankr. E.D. Pa. 1999) ("It is not clear what else a consumer could present to 'prove the negative' of non-receipt other than testimony of same."); see also Davison v. Bank One Home Loan Serv., 2003 WL 124542, at *4 n.7 (D. Kan. 2003).

Other courts have held that the debtor's testimony alone, without additional corroborative evidence, is insufficient to rebut the presumption of delivery under §1635(c). See, e.g., Oscar v. Bank One, N.A., 2006 WL 401853, *3 (E.D. Pa. Feb. 17, 2006) ("Plaintiffs' execution of the Federal Truth In Lending Disclosure Statement creates a presumption that those disclosures were, in fact received and Alvin Oscar's statement to the contrary is not, by itself, sufficient to rebut that presumption."); Strang v. Wells Fargo Bank, N.A., 2005 WL 1655886 (E.D. Pa. July 13, 2005); Golden v. Town & Country Credit, 2004 WL 229078, at *2 (D. Minn. 2004); see also McCarthy v. Option One Mortgage Corp., 362 F.3d 1008, 1012 (7th Cir. 2004) ("Evidence of regular office procedures and customary practices of a sender gives rise to a presumption of delivery and this Court has rejected the notion that this type of evidence may be rebutted by a mere denial of receipt."); Williams v. First Gov't Mortgage and Investors Corp., 225 F.3d 738, 751 (D.C. Cir. 2000) ("[B]ecause Williams offered no evidence of non-delivery beyond his trial testimony, we affirm the district court's determination that Williams failed to rebut the presumption of delivery."); McCarrick v. Polonia Fed. Sav. and Loan, 502 F.Supp. 654 (E.D. Pa. 1980).

IV.

Based upon this division among courts regarding the evidence needed by a borrower to rebut the presumption of delivery of loan disclosures, it was not unreasonable, for purposes of Rule 9011, for Mr. Cocco to rely on the debtor's representation to him that she did not receive the requisite loan documents at closing when he signed the complaint on her behalf. TILA is, as a remedial statute, construed liberally in favor of the credit consumer. Moreover, Select's refusal to provide him with copies of its loan closing documents prior to the filing of the complaint, nor to inform him (as he requested) of the identity of the individual or entity that served as loan closing agent adds further support to this conclusion.

Generally an attorney's reasonable investigation into the facts requires more than relying on his client's information[1], but the investigation need not be carried out to the point of absolute certainty. See Forbes v. Eagleson, 228 F.3d 471, 488 (3d Cir. 2000). Here it is not clear what other evidence Mr. Cocco could have relied on or sought before the filing of his complaint, particularly when Select declined to provide him with copies of the disclosures upon request.[2] See id. ("It would be particularly difficult to fault plaintiffs for a lack of prefiling inquiry, when, as here, defendants have refused plaintiff's

---

[1]"Blind reliance on the client is seldom a sufficient inquiry." In re Kunstler, 914 F.2d 505, 514 (4th Cir. 1990).

[2]Indeed counsel for Select acknowledged at oral argument that due diligence under Rule 9011 would require Mr. Cocco to request that his client search for copies of any relevant documents, that he show her what the disclosures look like, and that he request copies of the disclosures from the Defendant; all of which were steps taken by him.

10

access to material information that would bear on certain allegations made in the complaint.") (citing Morda v. Klein, 865 F.2d 782, 785-86 (6th Cir. 1989).

In addition, Mr. Cocco represented that the debtor told him that while she initially could not find any documents given to her at the loan closing (thus triggering counsel's statement to Select that they had been misplaced), she later found copies of the mortgage, along with her divorce decree, which implied to her that these are the only documents she retained from the loan closing.

While I do not now suggest that this evidence would or would not be sufficient to rebut the presumption of delivery, I do now conclude that the representation of non-delivery in the complaint was not sanctionable under Rule 9011.

This analysis would not resolve any question for sanctions insofar as allegations of mis-disclosure of loan terms are concerned. If counsel has never reviewed the loan documents, can he in good faith allege in the complaint that they contain errors or omissions? This is Select's principal concern. It fears that if documents are later produced in discovery, the debtor will attempt to use the information to support a TILA claim for which she had no valid basis to assert. The Third Circuit Court of Appeals has explained that "discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursing discovery to support it; the plaintiff must have some basis in fact for the action." Zuk v. Eastern Pennsylvania Psychiatric Inst. of the Medical College of Pennsylvania, 103 F.3d 294, 299 (3d Cir. 1996).

I do not now resolve that issue because Mr. Cocco represented at the hearing on the sanctions motion that the debtor is only alleging non-receipt of TILA disclosures in her complaint. Accordingly, if, after discovery, some factual basis arises

11

that would provide support for a TILA claim based on inaccurate or defective disclosures, Mr. Cocco will have to move for leave to amend the debtor's complaint in accordance with Fed. R. Civ. P. 15(a). At that time, I can consider whether to permit such an amendment. Until then, the only claim before me concerns non-disclosure of TILA, and the debtor's contention that Select's proof of claim must be reduced via recoupment.

For these reasons, Select's motion for sanctions under Rule 9011 shall be denied. An appropriate order shall be entered.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| CYNTHIA JACKSON | : | |
| Debtor | : | Bankruptcy No. 04-15962 |
| CYNTHIA JACKSON | : | |
| Plaintiff | : | |
| v. | : | |
| SELECT PORTFOLIO SERVICING F/K/A FAIRBANKS CAPITAL CORPORATION | : | |
| Defendant | : | Adversary No. 06-00382 |

..............................................

ORDER

..............................................

AND NOW, this 11th day of October, 2006, for the reasons stated in the accompanying memorandum, it is hereby ordered that the motion of the defendant, Select Portfolio Servicing, Inc., F/K/A Fairbanks Capital Corporation, for sanctions against debtors' counsel, Robert Cocco, Esquire, pursuant to Fed. R. Bankr. P. 9011, is denied.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Robert P. Cocco, Esquire
Law Offices of Robert C. Cocco, PC
437 Chestnut Street, Suite 1006
Philadelphia, PA 19106

Andrew Spivack, Esquire
Phelan Hallinan & Schmieg, LLP
One Penn Center at Suburban Station
16th & JFK Blvd, Suite 1400
Philadelphia, PA 19103